Filed 10/4/23  P. v. Davis CA3

### NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DEMAREAU DAVIS,<br><br>  Defendant and Appellant. | C097695<br><br>(Super. Ct. No. 18FE012933) |

Appointed counsel for defendant Demareau Davis asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm the judgment and order the court to amend the abstract of judgment to reflect the correct amount of fines and fees imposed.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2018, defendant and his two codefendants Ryan Jordan and Jamal Joseph were involved in a shooting that killed one man and seriously injured another. The killing was done for the benefit of a criminal street gang.  During the course of the

1

killing, defendant personally used a firearm. At the time of the killing, defendant had a prior felony conviction and was prohibited from possessing a firearm.

In 2022, an amended information charged defendant with murder with malice aforethought (Pen. Code, § 187, subd. (a)—count one);[1] attempted murder with malice aforethought (§§ 664, 187, subd. (a)—count two); two counts of conspiracy to commit murder (§ 182, subd. (a)(1)—counts three & four);[2] being an accessory to attempted murder (§ 32—count five); and being a felon in possession of a firearm. (§ 29800, subd. (a)(1)—count six.) It further was alleged as to all counts that defendant committed the crimes for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).) It also was alleged as to counts one through four that defendant was a principal in the offense, and at least one principal personally used a firearm, personally and intentionally discharged a firearm, and proximately caused great bodily injury to a nonaccomplice. (§ 12022.53.)

In November 2022, defendant pleaded no contest to manslaughter (§ 192, subd. (a)—count one) and admitted that he committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and personally used a firearm. (§ 12022.5, subd. (a).) He further pleaded no contest to being a felon in possession of a firearm. (§ 29800, subd. (a)(1)—count six.) He agreed to an aggregate 17-year eight-month state prison sentence, and he agreed to waive four months of custody credits.

In December 2022, the trial court sentenced defendant to state prison for an aggregate term of 17 years eight months, as follows: the low term of three years for the manslaughter charge plus 10 years consecutive for the gang enhancement plus four years consecutive for the firearm enhancement, and eight months consecutive for the felon in

---

[1]    Undesignated section references are to the Penal Code.

[2]    Jordan and Joseph were also charged with these crimes. As to all these charges, firearm enhancements also were alleged against Jordan and Joseph. (§§ 12022.5, 12022.53.)

possession of a firearm charge. The court also imposed a $900 restitution fine (§ 1202.4, subd. (b)) and a corresponding $900 parole revocation restitution fine (suspended unless parole is revoked). (§ 1202.45.) Although the court did not mention additional fees as to defendant, the abstract of judgment lists an $80 court operations assessment (§ 1465.8) and a $60 criminal conviction assessment. (Gov. Code, § 70373.) The remaining counts and allegations were dismissed with a *Harvey* waiver.[3]

Defendant did not seek a certificate of probable cause on appeal.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

We noted in our review of the record that even though the trial court never mentioned imposing fees beyond the restitution and parole revocation restitution fines, the abstract of judgment lists an $80 court operations assessment (§ 1465.8) and a $60 criminal conviction assessment. (Gov. Code, § 70373.) It has long been held that where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will order the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

---

[3]    *People v. Harvey* (1979) 25 Cal.3d 754.

3

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                          /s/
                                    Krause, J.


We concur:



      /s/
Robie, Acting P. J.



      /s/
Boulware Eurie, J.




4